UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 09-776

ROBERT NATHANIEL MITCHEM, JR.,                                   PLAINTIFF,

V.                  MEMORANDUM OPINION AND ORDER

U.S. PAROLE COMMISSION,                                        DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the Findings of Fact, Conclusions of Law, and Recommendation of United States Magistrate Judge Dave Whalin regarding the petitioner's petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel the respondent, the United States Parole Commission, to hold a parole revocation hearing within 60 days. R. 13. Having reviewed the record *de novo* in light of Mitchem's objections, the court will adopt the Magistrate Judge's Report and Recommendation with the addition of the analysis below. *See Thomas v. Arn*, 474 U.S. 140, 150-52 (1985).

The petitioner, Robert Nathaniel Mitchem, Jr., filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 on September 24, 2009. R.1. The United States moved to dismiss the petition, arguing that the petition should be construed as a habeas petition under 28 U.S.C. § 2241 and that the instant court lacks jurisdiction because this challenge must be made in the jurisdiction where Mitchem is currently confined, the Northern District of Ohio. R. 6. The Magistrate

1

Judge concluded that based on *Terrell v. United States*, 564 F.3d 442, 445 (6th Cir. 2009) and *Wright v. U.S. Bd. of Parole*, 557 F.2d 74, 76 (6th Cir. 1977), Mitchem's petition for writ of mandamus should be dimissed without prejudice so that he may file an action pursuant to 28 U.S.C. § 2241 in the Northern District of Ohio. The Magistrate Judge also noted that a case or controversy may no longer exist given that Mitchem was scheduled for an in-person hearing during the week of May 17, 2010. R. 11, Exh. 16.

In his objections to the Magistrate Judge's report, Mitchem again argues that he is entitled to a writ of mandamus because the U.S. Parole Commission did not hold a revocation hearing following his arrest in December 2008. Mitchem is not only seeking to compel the Commission to hold a hearing, however; he also requests that if his parole is revoked, he be given credit for all time served since December 2008. A prisoner who requests relief from the Parole Commission that would potentially affect the duration of the prisoner's confinement should petition for relief pursuant to 28 U.S.C. § 2241. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009)*; Burnette v. Killinger*, 863 F.2d 47, 47 (6th Cir. 1988). Moreover, claims asserted by federal prisoners seeking to challenge the execution or manner in which their sentence is served must be filed in the court with jurisdiction over the prisoner's custodian. *See Terrell*, 564 F.3d at 447.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation, R. 13, with the above

addendum, is **ADOPTED** as the opinion of the court.

**IT IS FURTHER ORDERED** that the motion to dismiss, R. 6, filed by the U.S. Parole Commission is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the court's active docket.

Signed on July 8, 2010

**Jennifer B. Coffman, Judge**
**United States District Court**